RICHARD R. CUMMINGS *vs.* GEORGE B. HALSTED, Executor.

August 15, 1879.

Actions against Executors—Probate Judge acting as Commissioner.—Gen. St. *c.* 53, § 15, enacts that when commissioners are appointed for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except to recover the possession of real estate, or the possession of personal property. Section 50 of the same chapter provides that in no other case, except such as are expressly provided for in this chapter, shall any action be commenced against an executor or administrator. These sections apply as well to a case in which the judge of probate acts as commissioner, under Laws 1870, *c.* 65, (Gen. St. 1878, *c.* 53, § 20,) as to a case in which commissioners are appointed by him, under Gen. St. *c.* 53.

Same—Enforcement of Mechanics' Liens.—Gen. St. *c.* 90, § 14, (the lien law,) provides that "executors and administrators, under this chapter, have the same rights and are subject to the same liabilities that their testator or intestate would be, or might have, if living." *Held*, that said section 14 makes an exception to the general provision of said sections 15 and 50, as regards the lien given by the lien law.

Action under Gen. St. *c.* 90, to enforce a mechanic's lien against a steamboat, for labor performed thereon by the plaintiff in the lifetime of defendant's testator, under a contract with him. Defence, that by the inventory and appraisement of the testator's estate, duly filed in the proper probate court, it appeared that the amount thereof was $3,605.25, and no more; and that thereupon the probate judge made an order limiting six months for the creditors of the deceased to present their demands to such judge, and designating certain days when such claims should be presented to him at his office; that due notice was given to creditors, and more than six months had elapsed since the expiration of the time limited for presenting claims, and plaintiff never presented his claim to the judge of probate. The action was tried in the district court for Hennepin county, before *Young,* J., who ordered judgment for the plaintiff. A new trial was denied, and the defendant appealed.

*Woods & Babcock,* for appellant, cited *Commercial Bank* v. *Slater,* 21 Minn. 172, 174; *Chrystal* v. *Flannelly,* 2 E. D. Smith, 583; *Dobbs* v. *Encarl,* 4 Wis. 451.

*Smith & Hale,* for respondent.

BERRY, J. "When commissioners are appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except to recover the possession of real estate or the possession of personal property." Gen. St. *c.* 53, § 15. Section 50 of the same chapter reads: "In no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator." Laws 1870, *c.* 65, § 1, (Gen. St. 1878, *c.* 53, § 20,) provides "that the duties conferred upon commissioners, by chapter 53 of the General Statutes, shall be performed by the judge of probate, in all cases where the estate does not exceed in value the sum of five thousand dollars." The effect of this section of the act of 1870 we take to be to make the judge of probate the commissioner in the cases mentioned, so that the above-quoted provisions of Gen. St. *c.* 53, §§ 15, 50, apply as well to a case in which the judge of probate acts as commissioner under the law of 1870, as to a case in which commissioners are appointed by him under the provisions of said chapter 53.

Gen. St. *c.* 90 is the lien law of this state. It gives to one who performs labor or furnishes materials, etc., in constructing, repairing, etc., any house, boat, etc., by virtue of a contract with the owner, a lien upon such house, boat, etc., to secure payment for such labor and materials. It also provides that the person entitled to a lien shall make an account, in writing, of his labor or materials, within a year after performing or furnishing, and that the account, when filed with the proper register of deeds, shall operate as a lien upon the "structures and buildings" for which the work is done or materials furnished, from the commencement of such work or furnishing, and for two years after the completion thereof.

Section 8 enacts that "every person holding such lien may proceed to obtain a judgment for the amount of his account thereon, according to the course of legal proceedings in like cases; and when any action is commenced on such accounts, within the time of such lien, the lien shall continue until such action is finally determined, and the judgment satisfied." Other provisions follow, in relation to the enforcement of the judgment by the sale or leasing of the property bound by the lien, and section 14 provides that "executors and administrators, under this chapter, have the same rights, and are subject to the same liabilities that their testator or intestate would be, or might have, if living."

Now, the "liability" of a testator or intestate, if living, to a person entitled to a lien, under this chapter, against the property of such testator or intestate, is the liability to have such lien preserved and continued by the filing of an account, and by the bringing of an action upon such account "according to the course of legal proceedings in like cases," and also the liability to have such lien made effectual for the payment of the account, by the obtaining of a judgment in such action, and the enforcing of the same by sale or lease of the property bound by the lien. This liability is preserved against the executor or administrator of such testator or intestate by section 14, the evident purpose being to preserve the lien, and to secure to the lien-holder the same preference over the general creditors of the testator or intestate, after the death of such testator or intestate, which the lien law secured to him while such testator or intestate was living.

There are no proceedings known to the probate court by which the "liability" which section 14 thus preserves against an executor or administrator can be enforced and made available. This must be done in a district court, or a court of similar jurisdiction. To give effect, then, to section 14, as, according to a familiar canon of construction, we must do if practicable, it is to be regarded as a special provision upon the particular subject of liens. As respects such particular

subject, It therefore controls the general provisions of sections 15 and 50, of chapter 53; or, in other words, it makes an exception to these general provisions as regards the lien given by the chapter in which it occurs.

Order affirmed.